IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT ADAMS, <br> K67019, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | Case No. 21-cv-818-DWD |
| vs. | ) <br> ) <br> ) | |
| JEFFREY GENTRY, | ) <br> ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Robert C. Adams, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Western Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Shawnee Correctional Center. (Doc. 1). Plaintiff claims that Defendant Gentry retaliated against him for filing a lawsuit by placing him in segregation, and Gentry used excessive force while transporting him to segregation. He seeks monetary and injunctive relief. He also expresses a desire to maintain a class action lawsuit.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture,

the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that Defendant Gentry placed him in segregation as retaliation for a lawsuit he had ongoing against Gentry and another officer. On the walk to segregation, Plaintiff attempted to voice his belief that his placement in segregation was retaliation by announcing it to bystanders and the individuals who escorted him. As a result, Gentry forced him to walk bent in half. Plaintiff opposed this command because he has a life-threatening illness that can flair up and cause him serious pain. Ultimately, the guards carried him part of the way to segregation because he refused to walk bent in half. Plaintiff alleges that he was subject to pain because he was bent in half and his handcuffs were twisted side to side. He claims that these actions violated his Eighth Amendment right to be free from cruel and unusual punishment. He also alleges that his Eighth and Fourteenth Amendment rights were violated by his placement in segregation.

The court designates the following Claim, based on the Amended Complaint:

**Claim 1:** **Eighth Amendment excessive force claim Defendant Gentry;**

**Claim 2:** **First Amendment retaliation claim against Defendant Gentry.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without

prejudice as inadequately pled under *Twombly*. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

### Preliminary Dismissal

It appears that an extra page was included in this lawsuit where Plaintiff named Kwame Raoul (the director of IDOC), Mrs. Greene (the Warden of Western), and the Parole Review Board as defendants. "For constitutional violations under § 1983 or Bivens, a government official 'is only liable for his or her own misconduct.'" *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 677 (2009)). The body of Plaintiff's complaint contains no allegations about these individuals or entities, so Plaintiff has failed to state a claim concerning these parties.

### Analysis

Claim 1 is sufficient as pled to proceed against Defendant Gentry. Claim 2 is also sufficient as pled, but the Court will construe it as a claim under the First Amendment rather than the Eighth or Fourteenth because with Section 1983 litigation, the Court construes a claim under the most applicable provision of law. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) (the first step with any Section 1983 claim is to identify the specific constitutional right allegedly infringed)

In the demand for relief, Plaintiff expressed a desire to maintain a class action concerning allegations in his complaint. Under Federal Rule of Civil Procedure 23(a)(4), a single representative may represent a proposed class only if "the representative part[y] will fairly and adequately protect the interests of the class." Here Plaintiff has not alleged

who the class members would be, or how he would be an adequate representative. His mere request to initiate class action litigation, with no details about the parameters of the class, is not sufficient. Additionally, *pro se* prisoners are not allowed to represent other plaintiffs. *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007). Accordingly, Plaintiff's request for a class action will be denied without prejudice.

Plaintiff sought injunctive relief, but he is no longer housed at Shawnee, so his request for injunctive relief concerning guards at that institution is moot. *See Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) (if a prisoner seeks injunctive relief specific to a particular prison and he is transferred out of that prison, the need for relief becomes moot).

## Disposition

**IT IS HEREBY ORDERED THAT Claims 1 and 2** of the Complaint (Doc. 1) survive initial screening as described above against Defendant Gentry.

The Clerk of Court is **DIRECTED** to prepare for Defendant Gentry: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.** The Warden does NOT need to file an answer, he is added only to help identify a Doe defendant.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Dated: March 22, 2022                              /s *David W. Dugan*

                                                                                DAVID W. DUGAN
                                                                                United States District Judge

<u>Notice to Plaintiff</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.